UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LARRY J. BROWN,

        Plaintiff,

v.                                                  Case No. 18-cv-695-pp

P. McCELLSTER, C.O. BOLDUAN,
C.O. OLSON, C.O. VINE, C.O. ZEEGLER,
DAVID HICKS, LUCAS WEBER, C.O. BUZZIE,
MICHAEL DITTMAN, LEIGHA WEBER,
CHRISSY PRESTON, C.O. CICHANWICZ,
JON LITSCHER, E. DAVIDSON,
LINDA A. O'DONOVAN and CINDY O'DONNELL,

        Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), ORDERING PLAINTIFF TO PAY $400 FILING FEE IN FULL BY DECEMBER 21, 2018 AND DENYING PLAINTIFF'S MOTION FOR STAY AND ABEYENCE (DKT. NO. 9)**

Plaintiff Larry J. Brown, a prisoner representing himself, filed a complaint under 42 U.S.C. §1983, dkt. no. 1, a motion for leave to proceed without prepayment of the filing fee, dkt. no. 2, and a motion for a stay and abeyance, dkt. no. 9.

Under the Prison Litigation Reform Act (PLRA) of 1996, a prisoner may not bring a civil case without prepaying the filing fee

> [i]f the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g). When determining whether a prisoner has acquired three "strikes" under §1915(g), the court must consider prisoner cases dismissed on any of those three grounds both before and after enactment of the PLRA. Evans v. Ill. Dep't of Corr., 150 F.3d 810, 811 (7th Cir. 1998). "A litigant who knows that he has accumulated three or more frivolous suits or appeals must alert the court to that fact." Wheeler v. Talbot, 695 F. App'x 151, 154–55 (7th Cir. 2017) (quoting Ammons v. Gerlinger, 547 F.3d 724, 725 (7th Cir. 2008)).

Although the plaintiff failed to inform the court, the court is aware that he has accumulated more than three "strikes": (1) Brown v. Johnson, Case No. 94-CV-489-S (W.D. Wis.) (dismissed for failure to state a claim); (2) Brown v. Lang, Case No. 95-C-695-CV (W.D. Wis.) ( dismissed for failure to state a claim); (3) Brown v. Husz, Case No. 97-CV-129-S (W.D. Wis.) (dismissed for failure to state a claim); (4) Brown v. Morgan, et al., Case No. 01-CV-1209-LA (E.D. Wis.) (dismissed for failure to state a claim); and (5) Brown v. Schabel, et al., Case No. 99-CV-171-RTR (dismissed for failure to state a claim). Because the plaintiff has had more than three cases dismissed for failure to state a claim, the court must deny his motion for leave to proceed without prepayment of the filing fee unless he can demonstrate that he is under imminent danger of serious physical injury.

To meet the imminent danger requirement of 28 U.S.C. §1915(g), a plaintiff must allege a physical injury that is imminent or occurring at the time he filed the complaint, and the threat or prison condition causing the physical

2

injury must be real and proximate. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (citing Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir. 2002); Heimermann v. Litscher, 337 F.3d 781 (7th Cir. 2003)). "Allegations of past harm do not suffice" to show imminent danger. Id. Generally, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." Id. at 331 (citing Heimerman, 337 F.3d at 782).

The allegations in the complaint do not meet the imminent danger requirement. The plaintiff's thirty-one-page complaint asserts that certain defendants have watched him while he was naked or using the toilet or in the shower; subjected him to sexual harassment; retaliated against him for his complaints about these things; and violated institution policy. None of these allegations include an allegation of real and imminent physical injury. The fact that the plaintiff also has asked the court to stay the case until he is released from prison, which he anticipates will be July 2019, supports the court's conclusion that he is not facing imminent physical danger.

Because the plaintiff has three strikes and has not met the imminent danger requirement, the court will deny the plaintiff's motion for leave to proceed without prepayment of the filing fee.

The fact that this court is denying the plaintiff's request to proceed without prepayment of the filing fee means that he must pay the full filing fee of $400.00 (the $350.00 filing fee plus the $50.00 administrative fee that applies to litigants not proceeding *in forma pauperis*) in time for the court to

3

receive it by the end of the day on Friday, December 21, 2018. Newlin v. Helman, 123 F.3d 429, 433–34 (7th Cir. 1997), rev'd on other grounds by Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000) and Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000); 7th Cir. R. 3(b). If the court receives the full $400 filing fee by the end of the day on December 21, 2018, the court will screen the complaint under 28 U.S.C. §1915A. If the court does not receive the full $400 filing fee by the end of the day on December 21, 2018, **the court will dismiss the case for failure to pay the filing fee**. Newlin, 123 F.3d at 434.

The court also will deny without prejudice the plaintiff's motion for a stay and abeyance. Dkt. No. 9. The plaintiff has asked the court to stay the case until his July 2019 release from prison because he has health problems and is not in a position to handle the case anymore. Id. at 1. He also says that the because of a staff shortage, the institution is on "semi-lock down" and library hours have been cut. Id. at 2.

If the plaintiff does not wish to proceed with this case, and wants to avoid the possibility of incurring another "strike" under §1915(g), he must notify the court by filing a letter with the Clerk of Court, in time for the clerk to receive it on or before the end of the day on Friday, December 21, 2018, stating that he does not wish to proceed with the case. If the court receives such a letter from the plaintiff by the end of the day on Friday, December 21, 2018, the court will dismiss the case as a "voluntary dismissal," without prejudice. Voluntary dismissal does not incur a "strike" under §1915(g). If, however, by

4

the end of the day on December 21, 2018 the court does not receive either the $400 filing fee or a letter from the plaintiff saying he wants to voluntarily dismiss his case, the court will dismiss the case with prejudice, and it will count as a "strike."

### III. Conclusion

The court **DENIES** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

The court **DENIES** the plaintiff's motion for a stay and abeyance. Dkt. No. 9.

The court **ORDERS** that the plaintiff must forward to the clerk of court the sum of **$400** in time for the court to receive it by the end of the day on **Friday, December 21, 2018**. The plaintiff shall identify the payment by the case name and the case number. The plaintiff may make the payment with a personal or business check, money order or cashier's check made payable to "Clerk, U.S. District Court." He also may pay by credit card. The clerk's office charges a fee of $53 for all returned or insufficient funds checks.

The court will send a copy of this order to the officer in charge of Columbia Correctional Institution.

Dated in Milwaukee, Wisconsin this 27th day of November, 2018.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**